**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 1:13-cv-1847-WJM-CBS

MICHAEL SEIBERT,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## ORDER REMANDING ACTION TO JEFFERSON COUNTY DISTRICT COURT

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.) In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Defendant avers that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 14.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states. (ECF No. 1 ¶¶ 12-13.) The only issue

here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

In a removed case, the burden of proving plaintiff's claim satisfies the jurisdictional amount in controversy is on the defendant. *Martin v. Franklin Capital Corp.,* 251 F.3d 1290 (10th Cir. 2001). Here, the Notice of Removal indicates a sum certain damages request of $39,794 far below the required $75,000 minimum. The Defendant attempts to arrive at the $75,000 minimum by alleging that if Plaintiff should succeed on his claim under Colorado Revised Statute § 10-3-1116(1) he **may** be able to recover two times the covered benefit ($79,588.00), in addition to his ability to request an award of "reasonable attorney's fees". (ECF No. 1 ¶¶ 16-17.)

The Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin,* 251 F.3d 1290. There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The only allegation of the amount of damages in the Notice is that Plaintiff has submitted a claim for $39,794.00, which is plainly below the jurisdictional threshold. Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Jefferson, Colorado.

Dated this 16th day of July, 2013.

BY THE COURT:

William J. Martínez
United States District Judge